UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RUI QING HE,                                                                              Petitioner,

v.                                                                    Civil Action No. 4:26-cv-216-RGJ

JASON WOOSLEY, et al.,                                                                Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Rui Qing He's Writ of Habeas Corpus. [DE 1]. Respondents responded on April 7, 2026. [DE 9]. Petitioner replied on April 8, 2026. [DE 11]. The parties agreed that no evidentiary hearing is necessary. [DE 8; DE 10]. This matter is ripe for adjudication. For the reasons below, this Court **DENIES** the Petition for Writ of Habeas Corpus. [DE 1].

## I.       Background

Petitioner Rui Qing He ("He") is a 45-year-old native and citizen of China. [DE 1 at 4]. In December 2000, He entered the United States without inspection. [*Id.*]. In 2005, He was issued an *in absentia* removal order by an Immigration Judge ("IJ") as He was not present at the hearing. [*Id.*]. He did not appeal the order. [*Id.*]. On September 3, 2025, He was arrested by Immigration and Customs Enforcement ("ICE") at an ICE check-in appointment. [*Id.*]. The same day, ICE initiated a warrant of removal against He. [DE 9-1 at 34]. Upon arrest, He was transported to Grayson County Jail in the Western District of Kentucky. He has remained in detention at Grayson County Jail since September 3, 2025. [DE 9 at 26].

On October 8, 2025, the United States Citizenship and Immigration Services ("USCIS") sent a formal request for travel documents for He to the Chinese Government. [DE 9-4 at 42]. USCIS sent another request on February 12, 2026. [DE 9 at 26]. Also in October 2025, He moved to stay her immigration proceedings. [DE 1 at 4]. The motion to stay is currently pending. [*Id.*].

He seeks a Writ of Habeas Corpus alleging that her current detention is in violation of *Zadvydas v. Davis*, 533 U.S. 690 (2001). [DE 1 at 5]. And that her detention under 8 U.S.C. § 1231 without a bond hearing violates her due process rights. [*Id.*]. The United States contends that He is properly detained under 8 U.S.C. § 1231, without a bond hearing, pursuant to the *Zadyvdas* standard. [DE 9 at 27-30]. As of today, He has been for approximately nine months.

## II.     Discussion[1]

### A.     Relevant Immigration Framework

8 U.S.C. § 1231 controls the detention of non-citizens "during" and "beyond" "removal." 8 U.S.C. § 1231(a)(2)-(6). The "removal period" begins once a noncitizen's removal order "becomes administratively final." 8 U.S.C. § 123l(a)(l)(B). The removal period lasts for 90 days, during which ICE "shall remove the [non-citizen] from the United States." And ICE "shall detain the [non-citizen]" as it carries out the removal. 8 U.S.C. § 1231(a)(l)-(2). After the initial 90-day detention period, a noncitizen "ordered removed. . . as inadmissible under section 1182 of this title. . . may be detained beyond the removal period" or "released" subject to terms of supervision. 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 683. For post-removal detention to be permissible, the removal must be reasonably foreseeable. *Id.* at 699. What constitutes reasonable foreseeability is determined using a case-by-case inquiry, with no specific point in time where the detention becomes constitutionally impermissible. *Id.* However, the Supreme Court held that a period of detention under six months is a "presumptively reasonable period of detention." *Id.* at 701. This does not mean that any detention longer than six months is unreasonable. *Id.* After six months, the

---

[1] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

detention of the noncitizen may continue to be constitutionally permissible according to a burden shifting framework. *Id.* First, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If this is met, the burden shifts to the United States. The United States must "respond with evidence sufficient to rebut that showing." *Id.* "And as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' necessarily shrinks." *Lopez v. Raycraft,* 2026 WL 1370583, at *12 (E.D. Mich. May 15, 2026) (quoting *Zadvydas,* 533 U.S. at 701). "Said differently: A person with a final removal order 'may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Id.*

### B. Application to He

Neither party contests that the *Zadvydas* period for He began on September 3, 2025. [DE 1 at 5; DE 9 at 27]. The United States concedes that her detention has passed the six months period for a presumption of reasonableness. [DE 9 at 27]. Still, this does not automatically permit He's release. The Supreme Court stated the "6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "[S]uccessful petitioners under the *Zadvydas* framework prototypically include persons whom the government is 'unable to remove'" *Euceda v. Evans,* 2017 WL 1534197, at *4 (E.D. Va. Apr. 24, 2017) (quoting *Zadvydas,* 533 U.S. at 695). It also includes persons who are "left in [a] removable-but-unremoveable limbo." *Jama v. Immigr. Customs Enf't,* 543 U.S. 335, 347 (2005). According to the burden shifting framework, the initial burden is on He to demonstrate that she has "good reason to believe" her removal is not reasonably foreseeable. *Zadvydas*, 533 U.S. at 701.

3

He cannot meet her burden. He has been served a warrant of removal and the United States has submitted a request for travel documents to the Chinese Government. [DE 9 at 28]. He argues that because the Chinese embassy has not yet sent the materials to the United States, her removal is not reasonably foreseeable. [DE 1 at 4]. But allegations of a non-response by a foreign country are insufficient to demonstrate that removal is not reasonably foreseeable. *Lu v. Immgr. Customs Enf't,* 22 F. Supp. 3d 839, 844 (N.D. Ohio 2014) (denying a habeas petitioner because Petitioner "has given no indication that China will refuse to issue travel documents and that his removal is no longer attainable"); *Lin v. Warden,* 2026 WL 412115, *2 (S.D.N.Y. Feb. 13, 2026) (denying a habeas petition because "allegations that the relevant embassy or consulate will not issue a travel document in the foreseeable future are insufficient"); *see also, Estenor v. Holder,* 2011 WL 5572596, at *3 (W.D. Mich. Oct. 24, 2011), *report and recommendation adopted,* 2011 WL 5589279 (W.D. Mich. Nov. 16, 2011) ("[m]ere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."). He has failed to allege that China will not provide the requisite materials, or that China is unsafe location for removal. He must "offer more than 'conclusory statements' suggesting [s]he will not be removed." *Esmaeili v. Noem,* 2026 WL 240661, at *3 (S.D. Cal. Jan. 29, 2026) (quoting *Andrade v. Gonzalez,* 459 F.3d 538, 543 (5th Cir. 2006)). And although He has been detained for nearly nine months, that fact, without more, is insufficient to meet her burden. *Smith v. Simon,* 2019 WL 4143088, *4 (N.D. Ohio July 17, 2019) (holding that the "mere passage of time" is inadequate to obtain *Zadvydas* relief) (quoting *Beckford v. Lynch,* 168 F. Supp. 3d 533, 539 (W.D.N.Y. 2016). Although the passage of time necessarily "shrinks" what is considered as the 'reasonably foreseeable future," the passage of time alone is insufficient. *Lopez,* 2026 WL 1370583, at *12. As a result, He has failed to meet her burden at this

4

stage "to come forward with evidence showing that removal is not significantly likely to occur sometime soon." *Wang v. Bondi,* 2026 WL 1113519, at *3 (W.D. Mich. Apr. 24, 2026). *See Abdalla v. Johnson*, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (holding that Petitioner had not met his burden on a *Zadvydas* claim, even a year into detention, because petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future); *Lu,* 22 F. Supp. 3d at  844; *Lin,* 2026 WL 412115. In *Jama,* the Supreme Court held that petitioner had met this burden because the "petitioner had definitively established that no country would accept him." *Woldeghergish,* 2025 WL 4648129, *10 (citing *Jama,* 543 U.S. at 347). The primary question the Court must address under the *Zadvydas* framework is whether removal is "(n)o longer practically attainable." *Demore v. Kim,* 538 U.S. at 510, 527 (2003); *Miranda v. Garland*, 34 F.4th 338, 361 (4th Cir. 2022) ("*[Z]advydas* should not be expanded beyond the context of [] indefinite and potentially permanent detention"). Thus, as the record currently stands, He has not demonstrated that she is facing a "potentially permanent detention" which *Zadvydas,* and the Fifth Amendment, prohibit. *Miranda,* 34 F.4th at 361; *see Zadvydas*, 533 U.S. at 699-701. As a result, He fails to meet her initial burden. *Id.*

Moreover, ICE has demonstrated that He is likely to be removed in the reasonably foreseeable future. *Medina*, 794 F. Supp. 3d at 375. The United States has provided to the Court He's notice of removal and it's communications with the Chinese consult. [DE 9-4 at 42]. And, ICE commonly removes noncitizens to China. [DE 9 at 30]. There is nothing in record, nor does He contend, that her case is uniquely different than recent deportations to China. As a result, the United States has provided sufficient evidence to demonstrate that He will be removed to China upon the receipt of He's travel documents and that her removal is reasonably foreseeable. *Lin,* 2026 WL 412115 (holding that the United States has provided sufficient evidence that removal to China was reasonably foreseeable and denying the habeas petition); *Woldeghergish,* 2025 WL

4648129, *10 (denying habeas petition while the United States was only waiting for travel documents prior to removal); *Thai v. Hyde,* 788 F. Supp. 3d 57, 61 (D. Mass. 2025) (holding that evidence of the United States's removal efforts are "sufficient grounds for the Court to conclude that petitioner's removal is foreseeable").

### B.    Due Process

He also contends that her due process rights have been violated because she has not been provided a bond hearing under Section 1231(a)(6). [DE 1 at 6]. But in a unanimous opinion, Supreme Court has expressly rejected the notion that bond hearings are required under Section 1231(a)(6):

> [T]here is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence that a detained noncitizen poses a flight risk or a danger to the community. Section 1231(a)(6) provides only that a noncitizen ordered removed "may be detained beyond the removal period" and if released, "shall be subject to [certain] terms of supervision." On its face, the statute says nothing about bond hearings before immigration judges or burdens of proof, nor does it provide any other indication that such procedures are required.

*Johnson v. Arteaga-Martines,* 596 U.S. 573, 581 (2022). And He provides no reasoning for why He is not bound by this decision. Therefore, the Court rejects He's argument that she is entitled to a bond hearing.

### III.    Conclusion

Accordingly, He's *Zadvydas* claim fails. He has not proven that she is unlikely to be removed in the near future. But "[s]hould the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable." *Wang,* 2026 WL 1113519, at *4. For the reasons stated above, the Court **DENIES** He's Petition for Writ of Habeas Corpus [DE 1].

June 2, 2026                                6

Rebecca Grady Jennings, District Judge
United States District Court